UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CR-74-2BR
No. 7:14-CV-202-BR

| | |
|---|---|
| JORGE ERNESTO TINOCO,<br>　　Petitioner,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br>　　Respondent. | ORDER |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 98.)

By way of background, in 2013, petitioner pled guilty pursuant to a plea agreement to conspiracy to defraud the United States with respect to claims in violation of 18 U.S.C. § 286 and aggravated identity theft in violation of 18 U.S.C. § 1028A. After allowing the government's motion to downwardly depart from the sentencing guideline range based on U.S.S.G. § 5K1.1, the court sentenced petitioner to a total term of 52 months imprisonment. Petitioner did not appeal.

His § 2255 motion was timely filed on 22 September 2014. (DE # 90.) The court directed the United States Attorney to file an answer or other response to the motion. (DE # 92.) The government filed the instant motion to dismiss in response. Thereafter, the court notified petitioner that it intended to construe the government's motion as one for summary judgment under Federal Rule of Civil Procedure 56. (DE # 102.) The court gave petitioner 30 days to file a response to the government's motion. (Id.) Petitioner's "supplemental" affidavit was filed on 24 February 2015. (DE # 103.) The government has not filed a reply, and the time within which to do so has expired.

In considering a motion for summary judgment, the court "view[s] all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." T-Mobile Ne. LLC v. City Council of City of Newport News, Va., 674 F.3d 380, 385 (4th Cir. 2012) (quotation and citation omitted). "Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id.

Petitioner asserts four claims in his § 2255 motion, all alleging ineffective assistance of counsel. Before considering the merits of any of these claims, the court addresses the government's argument that in the plea agreement, petitioner waived some of these claims. Specifically, the government contends that petitioner's third and fourth claims—which allege ineffective assistance of counsel at sentencing—"directly challenge the calculation of Petitioner's advisory guideline range" and, thus, are waived by the terms of the plea agreement. (Mem., DE # 99, at 8.) The court disagrees.

In support of its argument, the government relies on the language in the plea agreement by which petitioner waived his right to appeal "'any issues that relate to the establishment of the advisory guidelines range.'" (Id. at 8-9 (emphasis removed) (quoting Plea Agree.) Yet, expressly excluded from the waiver is his right to challenge his conviction or sentence pursuant to § 2255 based upon the ground of ineffective assistance of counsel. (Id. at 9.) And, his claims fall within the scope of that exception. See United States v. Ezzell, No. 07-0385-WS-M, 2009 WL 4016457, at *2-4 (S.D. Ala. Nov. 19, 2009) (denying the government's motion to dismiss a § 2255 motion alleging claims of ineffective assistance of counsel at sentencing because a provision in the plea agreement reserved the petitioner's right to assert ineffective assistance claims, notwithstanding the sentence appeal waiver). The court also rejects the government's

2

somewhat related argument that because petitioner was sentenced below the statutory maximum term of imprisonment, these same two ineffective assistance of counsel claims are not cognizable. See United States v. Murray, No. 97-6735, 1999 WL 187192, at *3 n.6 (4th Cir. Apr. 3, 1999) (per curiam) (recognizing the general rule that "an error raised in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding" but noting that the appellant "is able to circumvent the general rule by styling his sentencing claim as an ineffective assistance of counsel claim" (citing Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995))).

Turning to the merits of petitioner's claims,

> To establish a claim of ineffective assistance of counsel, a defendant must show (1) that "counsel's performance was deficient," and (2) that "the deficient performance prejudiced the defense." To satisfy the deficiency prong, the defendant must show that counsel's performance "fell below an objective standard of reasonableness." "Judicial scrutiny of counsel's performance must be highly deferential." There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "that, under the circumstances, the challenged action might be considered sound trial strategy."
> Under the prejudice prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." There must be "a probability sufficient to undermine confidence in the outcome" of the trial. However, a defendant is not required to establish that "counsel's deficient conduct more likely than not altered the outcome of the case."

United States v. Rangel, No. 13-7445, slip op. at 11-12 (4th Cir. Mar. 31, 2015) (citations omitted).

Petitioner first claims that

> I told my attorney to challenge my sentence, but []as of the date of this motion, I have yet to receive any notice or letter regarding the pursuit of such endeavor. In fact, had he explained to me how to appeal or regarding the procedures, I would have try [sic] to appeal.

3

(Mot., DE # 90, at 4.)[1]  Counsel responds in his affidavit in relevant part:

> 2. In **ground one** of his motion, Mr. Tinoco alleges that he told me to challenge his case but that I failed to do so. I assume that he means that I failed to enter a notice of appeal on his behalf. His contention is incorrect because he never requested that I file an appeal in his case.
>
> 3. I spoke with Mr. Tinoco on several occasions regarding his right to appeal. We spoke about his right to appeal when we reviewed his plea agreement both because that is my regular practice and because his plea agreement contained an appeal waiver. At that time we discussed the fact that the appeal would have to be filed within fourteen days of his judgment being entered. We also discussed that he had a right to appeal even if there was a waiver in his plea agreement. . . .
>
> 5. On March 12, 2014, at the Harnett County Jail, while discussing his draft presentence report, we again discussed Mr. Tinoco's right to appeal. Mr. Tinoco felt that the recommended sentence in his case was too harsh and asked about appealing at that time. When we had this discussion I again told him that he had the right to appeal within fourteen days of his judgment being entered. I also advised him that the Government would likely move to dismiss any appeal that he filed unless his appeal fell within one of the grounds excluded from the appeal waiver. At that time Mr. Tinoco told me he **did not** believe it would be a good idea to appeal.
>
> 6. Mr. Tinoco was sentenced on April 1, 2014. We had a discussion before Court that day regarding his case. Because he had asked about appealing earlier. I asked him if he wanted to appeal if things didn't go how he wanted them to. He said he did not wish to appeal at that time. I again told him that he could enter a notice of appeal within fourteen days of the judgment in his case being entered, and that period would likely start on that very day.
>
> 7. We have not had any discussions or contact of any kind regarding an appeal since that day.
>
> 8. After Court on April 1, 2014 I wrote a letter to Mr. Tinoco, to clarify the fact that no appeal would be entered in his case unless be requested me to do. A copy of that letter is attached as an exhibit to this affidavit. The letter was sent by first class mail and was never returned to my office.

---

[1] Page citations are to those generated by cm/ecf.

(DE # 99-1 (emphases in original).)

In turn, petitioner responds in his supplemental affidavit, in pertinent part:

> 1). That I never received the letter that counsel has indicated in his affidavit as having been sent to me while at Harnett County after my sentencing. This is so because, on April 1, 2014, I was transferred for transit to Piedmount [sic] Regional Jail.
> 2). That prior to sentencing I told my attorney that since I was not in agreement with my offense level that he should pursue an appeal on my behalf. . . .
> 4). That prior to sentencing my attorney never explained to me how to appeal or the procedures pertaining to same.

(DE # 103.)

An attorney's failure to file a requested notice of appeal is per se ineffective assistance of counsel. See United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993). Based on the conflicting affidavits regarding whether petitioner directed counsel to appeal, the court will deny the government's motion for summary judgment as to petitioner's first claim and order an evidentiary hearing.

Petitioner's second claim is based on counsel's alleged failure to investigate one of the charges to which petitioner pled guilty. (Mot., DE # 90, at 5.) He alleges that had counsel investigated the aggravated identity theft charge, the evidence would have established that petitioner did not use a means of identification of another person, an element of the offense. (Id.) Trial counsel "possesses a duty to conduct a pretrial investigation that is 'reasonable under prevailing professional norms.'" United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (alteration and citations omitted). When assessing whether counsel has fulfilled that duty, the court must be deferential to counsel's judgments and evaluate his performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances." Id. at 410-11 (citations and internal quotation marks omitted).

5

According to counsel:

> 10. In **ground two** of Mr. Tinoco's motion he states that I did not investigate his aggravated identity theft charge and appears to allege that there was insufficient evidence to establish that charge. This contention is incorrect.
> 11. Mr. Tinoco spoke with me about this issue during the course of his case. When we reviewed the elements of the charges, he asked me about the aggravated identity charge and I told him that one of the elements of that offense requires the person who's [sic] identity is stolen to be a real person. He asked me to investigate the matter and I spoke with the prosecutor in the case to confirm that he had used the identity of an actual person as alleged in the indictment. I told him about this conversation, he indicated that he understood and he never asked about it again.

(Aff., DE # 99-1 (emphasis in original).)

In response, petitioner states:

> 5). That I told my attorney to investigate the Aggravated Identity Theft charge in count two[2] of the indictment; but all my attorney said was that he had talked to the prosecutor, and that, he believed the charges to be correctly applicable to my case, but I disagreed with my attorney's reliance on the prosecutor's assessment.
> 6). That the reason I told my attorney to investigate was that; I knew for certain that the identity, Eli Valle, did not belong to an actual person.

(Supp. Aff., DE # 103.)

Given this conflicting evidence, the court cannot conclude that counsel's performance in this regard was objectively reasonable. Certainly it may have been reasonable for counsel to rely on the information he obtained from the prosecutor about the identity of the person whose means of identification was used. But once petitioner told counsel that such information was not accurate, which it appears petitioner may have done, counsel may have been obligated to

---

[2] The court presumes petitioner means count twenty-one. That count is the second count to which petitioner pled guilty and charges aggravated identity theft. Count two charges an offense against petitioner's co-defendant only.

6

investigate the matter further.

As for whether petitioner suffered any prejudice as result of counsel allegedly failing to investigate, as petitioner points out, he would not have been convicted of a crime he did not commit nor be sentenced to a consecutive term of 24 months imprisonment. (Resp., DE # 101, at 7.) Petitioner has therefore sufficiently shown that there is a reasonable probability the outcome of the proceeding would be different.

Because more factual development of this claim is warranted and because resolution of the claim requires evaluation of the witnesses' credibility, the court will deny the government's motion for summary judgment as to petitioner's second claim, and evidence regarding this claim will also be considered at an evidentiary hearing.

Petitioner's remaining two claims concern counsel's failure to challenge one guideline enhancement and failure to move for a two-level guideline reduction. (Mot., DE # 90, at 7-8.) Counsel did lodge objections to the PSR on these grounds. (See PSR, Addend., DE # 70, at 14-15.) However, after consultation with petitioner, counsel did not pursue the objections based on the belief that doing so might jeopardize petitioner's "ability to receive a reduction for acceptance of responsibility and make it less likely that the Government would recommend a reduction for substantial assistance." (Aff., DE # 99-1, ¶ 13; see also Supp. Aff., DE # 103, ¶¶ 3, 7, 8 (acknowledging discussions with counsel about these grounds for objection).) Petitioner did receive guideline reductions for acceptance of responsibility. Also, as noted previously, the government filed, and pursued, a motion for a downward departure based on petitioner's substantial assistance, which the court allowed.

Counsel's strategy, that is, the withdrawal of objections in the hopes of gaining the benefit of an acceptance of responsibility reduction and/or a downward departure, is reasonable

7

and does not constitute deficient performance. See Roane, 378 F.3d at 410 (recognizing that strategic decisions "'must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments'" and should not be judged by "'the distorting effects of hindsight'" (citations omitted)). That petitioner may have disagreed with counsel's ultimate decision on the strategy to follow does not necessarily make counsel's performance objectively unreasonable. See United States v. Weaks, 840 F. Supp. 2d 12, 21 (D.D.C. 2012) ("The fact that in hindsight the defendant disagrees with this strategy does not render counsel's performance deficient."). Accordingly, the court will dismiss petitioner's third and fourth claims.

For the foregoing reasons, the government's motion is GRANTED IN PART and DENIED IN PART. Claims three and four are DISMISSED. Claims one and two remain.

Pursuant to 28 U.S.C. § 636(b) and Rule 8 of the Rules Governing Section 2255 Proceedings for the United States District Courts, this matter is REFERRED to U.S. Magistrate Judge James E. Gates to hold an evidentiary hearing and file proposed findings of fact and recommendation for disposition. As petitioner has demonstrated he is financially unable to obtain adequate representation, (see CJA 23, DE # 3), the Federal Public Defender is DIRECTED to appoint counsel to represent petitioner for purposes of the evidentiary hearing, which shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. Attention of all parties is directed to Fed. R. Crim. P. 26.2.

This 6 April 2015.

_____
W. Earl Britt
Senior U.S. District Judge