IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
7:13-CR-74-BR-2
7:14-CV-202-BR

| | |
|---|---|
| JORGE ERNESTO TINOCO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This proceeding, brought under 28 U.S.C. § 2255 ("§ 2255"), comes before the court on the consent motion (D.E. 118) by the government to seal certain exhibits admitted at the evidentiary hearing held in this case on 16 July 2015. Specifically, the government seeks to seal five joint exhibits[1] in full and one, Government Exhibit 4, an investigation report by United States Immigration and Customs Enforcement, in part. A redacted version of Government Exhibit 4 (D.E. 117) has been filed with the court.

## DISCUSSION

The Fourth Circuit has directed that before sealing publicly filed documents the court must determine if the source of the public's right to access the documents is derived from the common law or the First Amendment. *Doe v. Public Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014); *Stone v. Univ. of Md.*, 855 F.2d 178, 180 (4th Cir. 1988). The common law presumption in favor of access attaches to all judicial records and documents, whereas First Amendment protection is extended to only certain judicial records and documents, for example, those filed in

---

[1] The exhibits offered jointly by the parties and admitted by the court were: a birth certificate in the name of Eli Valle (Jt. Ex. 1); a birth certificate in the name of Eli Sierra (Jt. Ex. 2); identification documents taken from petitioner during a search, including a Social Security card in the name of Eli Valle (Jt. Ex. 3); a background report on Eli Sierra obtained during the underlying criminal investigation (Jt. Ex. 4); and a driver's license report obtained on Eli Sierra during the § 2255 proceeding (Jt. Ex. 5).

connection with a summary judgment motion. *Doe*, 749 F.3d at 267. Here, the documents sought to be sealed have been filed in connection with or relate to a petition and motion (*i.e.*, the government's motion to dismiss at D.E. 98) that seek dispositive relief, and therefore the right of access at issue as to those arises under the First Amendment. *See Rushford v. New Yorker Magazine*, 846 F.2d 249, 252-53 (4th Cir. 1988).

While the presumption of access under the common law is not absolute and its scope is a matter left to the discretion of the district court, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). The burden of establishing the showing necessary to overcome a First Amendment right of access falls upon the party seeking to keep the information sealed. *Id.* Specific reasons must be presented to justify restricting access to the information. *Id.* (citing *Press-Enterprise Co. v. Superior Court*, 478 U.S.1, 15 (1986) ("The First Amendment right of access cannot be overcome by [a] conclusory assertion")).

Here, the government seeks the sealing of the joint exhibits and unredacted version of the ICE investigation report because they contain confidential personally identifiable information relating to petitioner and non-parties and were compiled in connection with the underlying criminal investigation of petitioner. The government contends that sealing the material is needed to preserve its confidentiality. The court agrees that the material is of a confidential nature. It therefore finds that the presumption of access has been overcome.

In addition, the public must be given notice of a request to seal and a reasonable opportunity to challenge it. *In re Knight Publishing Co.*, 743 F.2d at 235. Here, the motion to

2

seal was filed on 5 August 2015. No opposition to either motion has been filed by any non-party despite a reasonable opportunity to do so.

Finally, the court is obligated to consider less drastic alternatives to sealing, and where a court decides to seal documents, it must "state the reasons for its decision to seal supported by specific findings and the reasons for rejecting alternatives to sealing in order to provide an adequate record for review." *Id.* Because, as discussed, the exhibits in question contain confidential personally identifiable information and redaction of the confidential information would remove nearly all of the information contained therein, the court finds that alternatives to sealing do not exist at the present time.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the government's consent motion (D.E. 118) to seal is ALLOWED. The Clerk is DIRECTED to permanently seal the parties' five joint exhibits and to permit the redacted version of Government's Exhibit 4 (D.E. 117) to remain partially sealed in accordance with Local Civil Rule 79.2, E.D.N.C., except as may otherwise in the future be ordered by the court.

SO ORDERED, this 9th day of September 2016.

James E. Gates
United States Magistrate Judge